Hile v. Davison.

---

## HILE vs. DAVISON.

1. The Court of Chancery will not interfere to restrain the vendor from collecting or negotiating securities given for the price of land conveyed with full covenants of warranty, on account of alleged defects in the title not amounting to a total failure of consideration, where there has been no disturbance or eviction, and no suit is pending by an adverse claimant.

2. A partial failure of consideration, such as a defect of title, will not be admitted as a defence to the foreclosure of a mortgage for the consideration money, without eviction or a suit pending by an adverse claimant.

On motion to dissolve an injunction. Argued upon bill and answer.

*Mr. Shipman,* in support of the motion.

*Mr. J. M. Robeson,* contra.

THE CHANCELLOR.

The injunction in this case was to restrain the collection or assignment of a note given in part payment of lands conveyed by the defendant to the complainant, with full covenants of warranty. The ground for the injunction was, that the title was defective, the defendant only having a life estate; the complainant remaining in undisturbed possession of the lands.

When there has been no disturbance or eviction, and no suit is pending by an adverse claimant, this court will not interfere to restrain the vendor from collecting or negotiating securities given for the price of land conveyed with full covenants of warranty, on account of alleged defects in the title not amounting to a total failure of consideration. Nor will such partial failure be admitted as a defence on the foreclosure of a mortgage for the consideration money, without eviction or suit pending by the adverse claimant; this has been repeatedly decided in this court. *Shannon* v. *Marselis, Saxt.* 426; *Van Waggoner* v. *McEwen,* 1 *Green's C. R.* 412; *Glenn's Admr's* v. *Whipple,* 1 *Beasley* 50; *Miller* v. *Gregory,* 1 *C. E. Green* 274. And in *Hulfish* v. *O'Brien,* decided at the present term, the same doctrine is approved and followed.

The injunction must be dissolved, and the bill dismissed with costs.